566

pay, and not in the meantime be in default. And if *at any time* before the expiration of the year the lessee had concluded to release the lease, it could not be plausibly argued that it did not have the right to release and be relieved of the obligations the lease imposed upon it. And so from year to year during the primary term. This covenant to drill or pay is not essentially different from the obligation to drill the test well. All were express covenants, but the duty to perform them all alike could be effectively terminated by a timely release.

The release of July 12, 1946 was properly executed by the lessee and tendered to the lessors. Spaces for the signature of the lessors were provided at the end of the instrument. As has been stated, the lessors declined to sign. These circumstances do not at all deprive the instrument of its effectiveness as a release. All that was required under the wording of the lease was that the lessee execute and deliver a release to the lessors. This was done, and thereupon the release became fully effective.

It follows that the judgments of the district court and Court of Civil Appeals must be reversed and judgment here rendered for the lessee.

No attorney for appellant.

Ernest S. Goens, State's Atty., of Austin, for the State.

BEAUCHAMP, Judge.

The appellant Clifton Battle was convicted of murder and assessed a penalty of ten years. Houston Battle, Jr., who was tried jointly as a principal, was assessed a penalty of five years, from which they appeal.

The record is before us without bills of exception or statement of facts. The proceedings appear regular. Nothing is presented for our consideration.

The judgment of the trial court is affirmed.